In re CHARLES' ESTATE.

APPEAL OF METZGER.

EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF FINAL ACCOUNT. Where administrator *de bonis non* continued to operate farm in good faith and in what was believed to be best interest of estate, and what he did received at least tacit approval of beneficiary and judge of probate, final account of administrator was properly allowed, although he had paid little attention to securing orders from probate court on which to base his actions.

Error to Van Buren; White (Charles E.), J. Submitted April 25, 1930. (Docket No. 108, Calendar No. 34,672.) Decided June 2, 1930.

H. D. Wickett, administrator *de bonis non* of the estate of Matilda Charles, deceased, presented his final account. From allowance thereof, Gertrude Metzger, sole legatee, appealed to the circuit court. Appellant reviews order affirming probate court by error. Affirmed.

*R. E. Barr* and *Hendryx & Mosier,* for appellant.

*Earl L. Burhans* and *William J. Barnard,* for appellee.

SHARPE, J.   Matilda Charles departed this life at Decatur in January, 1922.   She left a will, in which her daughter, Gertrude Metzger, was appointed executrix.   She qualified and acted as such until July, 1924, when she resigned, and, on her petition, H. D. Wickett was appointed administrator *de bonis non,* and qualified, and has since acted as such.   On December 22, 1927, he filed his final account, and asked to be discharged.   On its allowance, Mrs. Metzger took an appeal to the circuit court from certain items therein, where it was again allowed so far as it referred to the matters here in dispute. She here seeks review of the judgment there rendered by writ of error.

All of the personal estate and a half interest in the real estate of the deceased passed to Mrs. Metzger.   The other half was devised to her in trust for the care, maintenance, and comfort of another daughter, LaVerna Pearl Charles, a mentally incompetent person, who passed away in June, 1927, with remainder over to Mrs. Metzger.   It consisted of a farm of 300 acres and some property in Decatur. The farm was mortgaged for $7,000.   There was an indebtedness of over $1,100, besides delinquent interest and taxes.   Operation by Mrs. Metzger was not successful.   Mr. Wickett was a successful business man, and a farmer.   The trial court found:

"When Gertrude Metzger resigned in July, 1924, and H. D. Wickett was appointed to succeed her, the taxes on all of the real estate was in arrears; no interest had been paid on the real estate mortgage;

there were nearly $5,000.00 of unpaid notes and of unpaid accounts, which notes, interest, accounts, delinquent taxes, and interest, and insurance charges by the end of 1925 amounted to $11,424.93.''

It is apparent that Mr. Wickett handled this property as if it were his own, and paid little attention to securing orders from the probate court on which to base his actions. The probate judge testified:

''He reported verbally how he was operating the farm. He talked it over with me but didn't file any written report. He kept me informed. He told me he was stocking the farm and operating it according to his best judgment. That he was buying different kinds of stock; buying largely lambs and some hogs and cattle. That he was getting the money at the banks. That he was borrowing the money at the banks to buy this stock. At different times he told me how he came out on it. He told me he bought different kinds of stock and sold them again and reported whether there was a profit or a loss. In 1925, the second year of his operation, I was advised foreclosure had been started on the mortgage. Also that he had procured a purchaser for the farm. The contract is in the file. Wickett obtained his license for the sale of the farm and reported the sale and it was confirmed. While Wickett was acting, Mrs. Metzger frequently came and talked with me at different times. I can't recall in particular what she said. She talked about Wickett having stock on the farm. She seemed to be perfectly satisfied with it. She found no fault to my knowledge about his buying stock and putting stock on the farm. She didn't criticize his methods or his operations in any way to me. She did later, but I don't recall just the language she used.''

He further testified that, when discussing with Mrs. Metzger the fee for services to which Mr. Wickett was entitled, she said to him that he

(Wickett) had "rendered good service, and had prevented the property from being sold under mortgage. That he had rendered good efficient service and ought to have it." The sale was not consummated.

The record warrants the finding of the trial court that:

"The conduct of the business by said H. D. Wickett did not result in a loss to said estate, but resulted in a profit thereto."

Two notes given by him as administrator for $4,000 and $3,000, respectively, are outstanding. These were allowed by the probate and the circuit courts as a proper charge against the estate. No claim is made that the proceeds of these notes were not used in handling the business of the estate.

The record discloses that there has come into the hands of the administrator $80,864.79, and that he has disbursed $79,374.78. While it is the duty of an administrator on his appointment to close up an estate, it is apparent that it was not considered to be in the interest of this estate to do so. This same duty rested on Mrs. Metzger during the time she handled this property as executrix, and yet she made no effort to do so. We cannot but find, as did both the probate and circuit courts, that Mr. Wickett acted in good faith and in what he believed to be the best interests of the estate, and that what he did received at least the tacit approval of both Mrs. Metzger and the judge of probate.

The judgment reviewed is affirmed, with costs to appellee, H. D. Wickett. The conclusion reached renders it unnecessary to consider the motion of the appellee to dismiss.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, North, and Fead, JJ., concurred.